UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

ERIC C. WOLF, MIKE HORRELL, BEN
LARUE, JOHN TREY, ROBERT WEISS,
JAMES W. THOELKE, CHARLES HENRY,
BYRAN FARRINGTON, EDMOND
SIMMONS, WILLIAM K. CARPENTER,
and JOHN D. HAGENSEN,

           Plaintiffs,

v.

CAROL HOLINKA, JOYCE ANDERSON,
JIM DEY, LINDA BRANDT, K.
PETERSON, P.A., and R. RIOS, Warden,

           Defendants.

Civil No. 07-4934 (DWF/AJB)

**REPORT AND RECOMMENDATION**

---

      This matter is before the undersigned United States Magistrate Judge pursuant to
several pending applications for leave to proceed in forma pauperis, ("IFP"). The case has
been referred to this Court for report and recommendation under 28 U.S.C. § 636 and
Local Rule 72.1. For the reasons discussed below, the Court will recommend that all of the
claims of all of the above-named Plaintiffs, with the exception of Plaintiff Eric C. Wolf, be
summarily dismissed without prejudice.

      The eleven above-named co-Plaintiffs are federal prison inmates, who are, (as far
as the Court can tell), seeking relief for alleged violations of their federal constitutional
rights. When Plaintiffs filed their complaint in this case, they did not pay any filing fee, but
instead, ten of the eleven Plaintiffs applied for leave to proceed IFP. (The lone exception
was Plaintiff William K. Carpenter, who did not file an IFP application.)

The Court reviewed all of the Plaintiffs' original IFP applications, and found all of them to be insufficient, because they did not include current certified trust account information, as required by 28 U.S.C. § 1915(a)(2).  The Court further found that none of the Plaintiffs had paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).  Because of those deficiencies, the Court entered an order on January 7, 2008, (Docket No. 16), which required each one of the named Plaintiffs to (I) file a new IFP application that would meet the requirements of 28 U.S.C. § 1915(a)(2), and (ii) pay his initial partial filing fee, as required by 28 U.S.C. § 1915(b)(1).  The order expressly stated that each Plaintiff would have to file a new IFP application and pay his initial partial filing fee, and that any Plaintiff who did not satisfy both of those requirements in a timely manner would be deemed to have abandoned this action, and would be removed from this action, pursuant to Fed. R. Civ. P. 41(b).[1]

---

[1]  The Court's prior order stated that:

"Each named Plaintiff will be required to submit both his amended IFP application, and his initial partial filing fee, within twenty (20) days after the date of this order.  Any named Plaintiff who fails to do so will be deemed to have abandoned this action, and the Court will recommend that the claims of such Plaintiff be dismissed (without prejudice), and that such Plaintiff be removed from this action, pursuant to Fed. R. Civ. P. 41(b)."

(Order dated January 7, 2008, [Docket No. 16], p. 4.)

The final two paragraphs of the prior order reiterated that:

"1.  Within twenty (20) days after the date of this order, each named Plaintiff shall (a) file an amended IFP application that satisfies the requirements of 28 U.S.C. § 1915(a)(2), and (b) pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1); and
2.  If any Plaintiff fails to comply with all of the requirements of this order within the time allowed, it will be recommended that his claims be dismissed without prejudice, and that he be removed from this action."

The deadline for satisfying the requirements of the Court's prior order has now expired.  Three of the above-named Plaintiffs – Ben Larue, Bryan Farrington, and John D. Hagensen – have not filed a new IFP application or paid any initial partial filing fee.  The other Plaintiffs – Eric C. Wolf, Mike Horrell, John Trey, Robert Weiss, James W. Thoelke, Charles Henry, Edmond Simmons, and William Carpenter – filed new IFP applications, (Docket Nos. 18-25), but, with the exception of Eric C. Wolf, none of them paid any initial partial filing fee.  Those Plaintiffs who have not complied with the Court's prior order have not offered any explanation for their failure to do so.[2]

Therefore, based on the Court's express warning regarding the consequences that would follow for those Plaintiffs who failed to comply with both of the requirements of the prior order, it is now recommended that those Plaintiffs be deemed to have abandoned this action, that their claims be dismissed without prejudice, and that they be removed as parties to this action.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can

---

[2] The Court's prior order pointed out that Plaintiffs' complaint in this case is deficient in several respects.  (See order dated January 7, 2008, p. 5, n. 2.)  Most notably, the complaint does not adequately describe the factual basis for each individual Plaintiff's individual claims, and it appears that only one of the named Plaintiffs, (Eric C. Wolf), has satisfied the mandatory exhaustion of administrative remedies requirement prescribed by 42 U.S.C. § 1997e(a).  The Court also pointed out that the eleven named Plaintiffs would face substantial logistical problems if they tried to litigate all of their respective claims in a single lawsuit.  Those observations may have caused most of the Plaintiffs to conclude, (perhaps quite wisely), that they should not make any financial investment in this lawsuit, but should instead explore other means for presenting and resolving their grievances.

properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); <u>Link v. Wabash Railroad Co</u>., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Finally, the Court notes that Michael Lee Crews, a federal prisoner who was <u>not</u> named as a Plaintiff in the complaint in this case, has filed a motion seeking to intervene in this case as an additional Plaintiff.  (Docket No. 27.)  Nothing in Crews' meager motion papers suggests that he is entitled to "Intervention of Right" under Fed. R. Civ. P. 24(a), and the Court finds no conceivable grounds for granting such relief.

The Court further finds that Michael Lee Crews should not be granted "Permissive Intervention" under Fed. R. Civ. P. 24(b).  Crews has not submitted a copy of his proposed pleading that sets out his proposed claim(s) against the named Defendants in this action, as explicitly required by Fed. R. Civ. P. 24(c).  For this reason alone, the motion to intervene should be denied.

Furthermore, Crews has not shown that his intervention in this case will be advantageous to the existing parties or to the Court.  <u>See</u> 6 <u>Moore's Federal Practice</u>, § 24.10[2][b] ("[i]n deciding on a motion for permissive intervention, a court will consider whether the movant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues or, alternatively, is likely to be counterproductive").  Crews has not shown that he has any personal experience or expertise that will facilitate the resolution of this action.  Indeed, he has not even shown that he has any basis for asserting any personal claim against any of the named Defendants. He also has not shown that he has exhausted his administrative remedies with regard to

any possible claim he might have against Defendants, as required by 42 U.S.C. § 1997e(a).

In sum, the Court can find no good reason to allow Michael Lee Crews to intervene in this action.  He has not shown that he has a viable claim against Defendants, and he has not shown that his participation in this action will be helpful.  At the same time, the Court finds that the presentation of multiple claims, by multiple prisoner-plaintiffs, will only add unnecessary complexity and confusion to this action.  If Michael Lee Crews believes he has some valid claim against any of the named Defendants, it would be best if he brought his claims in a separate lawsuit.  Thus, the Court will recommend that Michael Lee Crews' motion to intervene in this action be denied.  Having determined that Michael Lee Crews should not be allowed to join this action, the Court will further recommend that his pending motion for leave to proceed in forma pauperis, ("IFP"), be summarily denied as moot.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  The original and amended applications for leave to proceed in forma pauperis, which have been filed by Plaintiffs Mike Horrell, Ben Larue, John Trey, Robert Weiss, James W. Thoelke, Charles Henry, Bryan Farrington, Edmond Simmons, William K. Carpenter, and John D. Hagensen, (Docket Nos. 7-15, 18-24), be DENIED;

2.  All of the claims presented in this action by Plaintiffs Mike Horrell, Ben Larue, John Trey, Robert Weiss, James W. Thoelke, Charles Henry, Bryan Farrington, Edmond Simmons, William K. Carpenter, and John D. Hagensen, be DISMISSED WITHOUT PREJUDICE, and these Plaintiffs be removed from this action;

3. The motion to intervene filed by Michael Lee Crews, (Docket No. 27), be DENIED; and

5

   4.  The application to proceed in forma pauperis filed by Michael Lee Crews, (Docket

No. 28), be DENIED as moot.


Dated: February 20, 2008

                                         _s/ Arthur J. Boylan_____
                                         ARTHUR J. BOYLAN
                                         United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation
by filing with the Clerk of Court, and by serving upon all parties, written objections which
specifically identify the portions of the Report to which objections are made and the bases
for each objection.  This Report and Recommendation does not constitute an order or
judgment from the District Court and it is therefore not directly appealable to the Circuit
Court of Appeals.  Written objections must be filed with the Court before March 7, 2008.